141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lena R. JOHNSON, Plaintiff - Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services, Defendant - Appellee.
 No. 97-35098.
D.C. No. CV-92-00311-JWS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 4, 1998.
Decided March 16, 1998.
 
 Appeal from the United States District Court for the District of Alaska John W. Sedwick, District Judge, Presiding.
 MEMORANDUM*
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 Lena R. Johnson, a Native American, appeals the district court's decision on remand that Donna Shalala, Secretary of the Department of Health and Human Services, has properly adopted Indian Preference Act (IPA) standards for the position of Microbiology Laboratory Supervisor and properly evaluated her for this position under the new standards. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 2
 Johnson argues that adoption of the existing civil service standard as Preston standards, see Preston v. Heckler, 734 F.2d 1359, 1371-72 (9th Cir.1984), for the Microbiology Laboratory Supervisor position was improper because the Secretary did not conduct an individualized study for that position. We cannot, however, say that the Secretary's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir.1997).
 
 
 3
 Between 1984 and 1992, the Secretary completed studies and established Preston standards for 316 general schedule occupational series and all trades and labor occupations in the Indian Health Service (IHS). Those studies covered approximately 92 percent of the IHS work force. The standards review resulted in no substantive changes in existing United States Office of Personnel Management (USOPM) standards but did provide for selective factors and quality ranking factors, when appropriate, relating to Indian language and culture. Based on her experience studying 92 percent of her workforce, the Secretary decided to adopt the USOPM qualification standards for the 26 personnel series not yet covered by Preston standards, including the Medical Technologist Series. See 57 Fed.Reg. 57,070 (Dec. 2, 1992).[1] There is no indication in the record that the few unstudied positions differ in any material way from those studied. It was therefore not arbitrary and capricious for the Secretary to conclude that the civil service standards are proper standards for the positions that had not yet been studied.
 
 
 4
 We do not agree with Johnson that the Secretary failed properly to address the goals of the IPA in her study. The administrative record shows that for the completed studies, the Secretary distributed questionnaires to more than 1000 different reviewers throughout the IHS and its Indian Health contractors. The questionnaires explained that the study's purpose was to determine whether the USOPM standards needed to be modified to recognize the unique experience and background of Indians, but cautioned the reviewers to consider carefully the impact of any proposed changes to the USOPM requirements on the quality of care provided to the Indian population. This comported with her obligation to assure that health services to Indians were of the highest quality. See Preston, 734 F.2d at 1372. The questionnaires then asked for the reviewers' views on minimum education, licensure, and specialized experience requirements. After considering the responses, the Secretary, with the assistance of the Preston Steering Committee, adopted Preston standards. The secretary's methodology was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.
 
 
 5
 Additionally, Johnson argues that selective placement factors that make it more difficult to qualify must be analyzed individually for compliance with Indian Preference policy. We disagree. The civil service standards that the Secretary independently adopted explicitly recognize that selective placement factors may be adopted. The selective placement factor for the position of Microbiology Lab Supervisor, requiring knowledge of principles and techniques in microbiology and the ability effectively and accurately to evaluate specimens in bacteriology, parasitology, and mycobiology, is imminently sensible. Johnson does not suggest that it was not necessary for successful performance of the job (as required by USOPM's Qualifications Standards Operating Manual), and she did not appeal the district court's finding that it was not discriminatory. As we recognized in Johnson v. Shalala, 35 F.3d 402 (9th Cir.1994), failing to meet selective factors for the position is a valid reason for eliminating an Indian Preference candidate. Id. at 404 n. 2.
 
 II
 
 6
 Johnson argues that the agency failed properly to evaluate her under its adopted Preston standard. First, she argues that she should have been given an opportunity to submit a new application, based on her then-existing qualifications, at the time the Preston standard was adopted. Johnson points to no authority that would permit an individual litigating the propriety of a hiring decision to acquire the necessary skills that were lacking initially during the pendency of such litigation so as to qualify for the position if and when she is reevaluated as a result of the litigation.
 
 
 7
 The same is true of Johnson's argument that even if she were limited to applying based on her qualifications existing in 1989, she should still have been given the opportunity to present a new application addressing the Preston standard based on her 1989 qualifications because she has developed new evidence about her qualifications since that time. Johnson feels that she is now able to prove a qualification that she could not prove in 1989 because of her work experience since 1989. However, Johnson may not use post-1989 experiences to prove a qualification that she could not prove in 1989 based on her experience level in 1989.
 
 
 8
 Johnson next claims that she was qualified under the Preston standard adopted for the Medical Technologist Series because no selective factor was adopted as part of the Preston standard. As we explained, however, the Preston standard for the Medical Technologist Series specifically contemplates that special placement factors might be required for certain jobs within that series, and the position Johnson applied for, Microbiology Laboratory Supervisor, is one of those.
 
 
 9
 Johnson finally contends that she was qualified under the Preston standard even if it included the selective factor. However, it was decided at her 1993 trial that based on her 1989 qualifications, she was not qualified for job.
 
 III
 
 10
 Given Johnson's success on her first appeal, Johnson may be entitled to attorney's fees as a catalyst. We therefore remand for the district court to determine whether she is entitled and, if so, the amount.
 
 
 11
 AFFIRMED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Secretary decided to adopt the USOPM standards for the Medical Technologist Series in 1992, but didn't formally do so until 1995